IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BOUMATIC, LLC,

Plaintiff,

v.

IDENTO OPERATIONS BV,

Defendant.

OPINION AND ORDER

11-cv-822-wmc

Consistent with the Seventh Circuit's opinion in *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790 (7th Cir. 2014), this court held an evidentiary hearing on October 24, 2014, to determine whether the parties had agreed orally that any dispute arising out of their agreement for the purchase of robotic milking machines would be resolved in Wisconsin. Plaintiff appeared at trial through its counsel, Attorney Saul Glazer of Axley Brynelson and its corporate representative, the CEO, President and General Counsel Michael ("Mickey") Mills; defendant appeared by Attorneys Terry Nilles and Douglas Raines of von Briesen & Roper.

Paragraph 13 of the November 2008 purchase agreement "provides that additional terms will come from the purchase orders and invoices that the parties exchange for particular machines." (Pl.'s Ex. A (dkt. #59) p.4.) BouMatic's purchase orders incorporated a clause specifying that litigation would occur in Wisconsin and Idento's invoices contained a conflicting clause specifying that litigation would occur in the Netherlands. (Pl.'s Ex. B (dkt. #59) p.6; Def.'s Ex. 3 (dkt. #57) p.24.) In its opinion, the Seventh Circuit concluded that "the purchase orders and invoices canceled each other out." *BouMatic*, 759 F.3d at 792. Contrary to this court's original holding, the Seventh Circuit further found that "the inconsistent purchase-and-sales forms

countermand *each other*," but not any prior agreement the parties may have had with respect to litigating disputes between them in Wisconsin. *Id.* Since BouMatic has consistently asserted that it had just such an oral agreement with Idento specifying Wisconsin as the forum for dispute resolution, which Idento has consistently denied, the Seventh Circuit held an evidentiary hearing was required to resolve this factual dispute. Having now heard testimony from both sides on this subject, the court finds that such an oral agreement did exist and that trial on the merits of BouMatic's complaint and Idento's counterclaim must proceed in this court.

## FINDINGS OF FACT[1]

Beginning in 2007, Idento and BouMatic attempted to negotiate the terms of a detailed Original Equipment Manufacturer ("OEM") Agreement, which contemplated that Idento would manufacture and resell fully automatic robotic milking machines in Europe and potentially elsewhere. When those efforts failed, the parties entered into a two-page Purchase Agreement, dated April 3 and signed April 7, 2008, by Edwin Kolsteeg and Karl Hoffman, for Idento and BouMatic respectively. (Pl.'s Ex. C (dkt. #59) pp.7-8.) Paragraph 11 of the April 2008 Purchase Agreement states that "BouMatic's standard terms and conditions will be sent with each of the quarterly

[1] The court makes the following material findings of fact based on credibility determinations and the exhibits admitted into evidence at the evidentiary hearing, which assumes the reader's basic understanding of the background of this matter as set forth in this court's and the Seventh Circuit's decisions on Idento's motion to dismiss for lack of personal jurisdiction, improper venue and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b). (Dkt. ##42; 52-1.)

purchase orders." (*Id.* at p.8.) Also, initialed by the signators on the same day were BouMatic's General Terms and Conditions, including at paragraph 11 the following:

> Miscellaneous. This Order is governed by the laws of the State of Wisconsin. At BouMatic's option, all disputes arising in connection with this Order shall be resolved by arbitration in accordance with the rules of the American Arbitration Association, except that each party shall have the discovery rights established by the Federal Rules of Civil Procedure. **In the event of any litigation between the parties to this Order, the parties agree that the only forum in which such litigation may be filed and adjudicated is in the state or federal courts located in Wisconsin and both parties consent to personal jurisdiction in such courts and waive any objection based on jurisdiction or venue of any such action.** In the event that any provision contained in this Order is determined to be unenforceable, all other provisions will remain in full force and effect and the affected provision will be construed so as to be enforceable to the maximum extent permissible by applicable law. This Order may be transferred into other languages but the English language version shall control.

(Pl.'s Ex. C (dkt. #59) p.12 (emphasis added).)

The parties' recollections regarding the import of this provision could hardly diverge more. For BouMatic, Mr. Mills, who is not a signator to the agreement but acted as BouMatic's attorney on this and other legal matters, specifically recalls walking through each term of the April 2008 Purchase Agreement, as well as the Terms and Conditions with Mr. Kolsteeg in Houston, Texas.[2] In contrast, Mr. Kolsteeg denies *ever* discussing the specific terms of the April 2008 Purchase Agreement with Mills, and in

[2] In 2008. Mills was effectively acting as general counsel, although at that time he was still in private practice.

particular denies doing so in person in Houston, Texas.[3] Although extreme, these kinds of inconsistencies are not atypical, coming as they do some six and one-half years after the events themselves and after being prompted to remember helpful details. Ultimately, the court finds neither version wholly credible. As for Mills, it seems somewhat incredible that he would have the kind of specific recollection of discussions with Kolsteeg over a written agreement that he could not even recall his client entered into until a few weeks ago. Similarly, it seems unlikely that Kolsteeg could have no real memory of the written agreement or its negotiations, despite being a signator, but somehow be certain that there was never any understanding with respect to BouMatic's terms and conditions, including in particular its choice of forum for resolving disputes.

Even so, Mills has consistently maintained since the outset of this lawsuit that he had an oral understanding with Kolsteeg that Wisconsin state or federal court would provide the forum for the resolution of any disputes arising out of the November 2008 Purchase Agreement and that those negotiations predated the execution of that agreement. If nothing else, the April 2008 Agreement would appear to confirm that general memory. Indeed, the Seventh Circuit's opinion in this case found similar language in paragraph 13 of the November 2008 Purchase Agreement essentially incorporated into that agreement by reference both the terms and conditions of

[3] Kolsteeg did recall negotiations in Houston over a separate "Strategic Alliance Agreement" and acknowledged the possibility that *those* negotiations may have occurred in person in Houston, as well as in various other locations.

BouMatic's purchase orders and Idento's invoices, albeit it in a manner that ultimately conflicted and rendered their forum selection provisions void.

The court need not rely on this holding as law of the case, however, since it finds any ambiguity in paragraph 11 of the April 2008 Agreement must be resolved in BouMatic's favor with regard to incorporation of the attached terms and conditions from its standard purchase orders. Not only does the court find credible Mills' general recollection as to the oral understanding of the parties with respect to paragraph 11, but also credits his unrefuted testimony that BouMatic generally requires (1) just such a forum selection clause or (2) where opposed by the other party, at least a provision that a party initiating a lawsuit arising out of a contractual relationship must file suit in the other party's forum of choice. Moreover, it seems persuasive, if not compelling, that both sides' signators formally initialed those terms and conditions on the same date as the April 7 Purchase Agreement, evidencing an intent to incorporate those terms and conditions, including its forum selection clause, just as the Seventh Circuit inferred with respect to the November 2008 Agreement. Finally, while Kolsteeg's testimony was fuzzy and inconsistent, he ultimately conceded that the *reason* paragraph 13 of the November Purchase Agreement was adopted was to change the impact of paragraph 11 of the April Agreement, which had only incorporated BouMatic's terms and conditions.

Similarly, given that his earlier affidavits in this lawsuit were decidedly less specific, the court finds Mills' specific recollections of telephone conversations with Lever, an attorney for Idento, and Kolsteeg regarding the survivability of the original

forum selection clause hard to accept at face value. Whether this was a result of a stunning flood of refreshed memories by virtue of the recent uncovering of the April Purchase Agreement or the convenient and self-serving recreation of events in his mind as inspired by the Seventh Circuit's opinion and the terms of the April 2008 Agreement need not be resolved for purposes of the court's reconsideration of Idento's motion to dismiss. This is because the Seventh Circuit has already held that the November 2008 Purchase Agreement amounts to a battle of the forums in which neither side wins and the parties' prior agreement on forum selection remains "unaffected."

Moreover, were this court required to resolve the issue as a matter of fact, it seems more likely than not that BouMatic and Idento had general discussions about adopting paragraph 13 of the November agreement in order to prevent any argument that paragraph 11 had established Wisconsin as the preferred forum for disputes between the parties. While now Mills claims that he agreed to such a change because he *knew* this would be a legal non-starter without an integration clause, leaving the provision in paragraph 11 intact and enforceable, strikes the court as more bravado than good lawyering, but so, too, does Kolsteeg's claim that paragraph 13 absolutely barred application of paragraph 11 from the first agreement. Either approach to drafting was at best risky, because it left the parties and this court with uncertainty.[4] In the end, the

[4] In fairness, sometimes parties to a contract decide to proceed without definitively resolving some issues, accepting the risk that any uncertainty may ultimately be resolved against it is better than forcing the issue and reaching no agreement at all. From the testimony of the witnesses, this seems exactly the choice made by the parties here with respect to the forum selection provision.

Seventh Circuit's legal decision and this court's factual findings have now resolved that uncertainty.

OPINION

Based on these findings, the court concludes that the parties had agreed orally to incorporate the forum selection clause in BouMatic's Terms and Conditions of Sale into the April 2008 Purchase Agreement, consistent with and as evidenced by paragraph 11 of that agreement. Moreover, that forum selection clause survived any inconsistency in the later November 2008 Agreement.

Nevertheless, Idento persists in arguing that the April 2008 agreement cannot govern forum selection because "[w]here, as here, a contract pertaining to the same subject matter as a prior contract contains terms 'so inconsistent' with the prior contract that the two 'cannot subsist together,' the later contract supersedes the earlier contract." (Def.'s Post-Hearing Br. (dkt. #62) 4 (citing 17B *C.J.S. Contracts* § 598; 29 *Williston on Contracts* § 73.17 (4th ed.).) Unfortunately for Idento, that ship has already sailed. The Seventh Circuit found that the inconsistencies with respect to forum selection by incorporating both parties' competing terms and conditions *into* the November 2008 contract were effectively canceled or rendered void. This is now law of the case. *Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 685 (7th Cir. 2014) ("The most elementary application of [law of the case] doctrine is that when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court.") (internal citation and quotation marks

omitted). This leaves only the forum selection clause in the April 2008 contract, which this court has now found selects Wisconsin as the forum for litigation.

Finally, in its motion to dismiss, Idento also purports to challenge venue and improper service of process. The former is rendered moot in light of the Seventh Circuit's holding and this court's finding that the parties agreed to litigate disputes in Wisconsin, including expressly waiving "any objection based on jurisdiction or venue." The latter challenge relating to failure of service of process consistent with the Hague Convention may have since been cured. Regardless, this issue has not been adequately briefed. If still in dispute, the parties should ask the Magistrate Judge to schedule briefing on it and any other issues at the upcoming preliminary pretrial conference.

ORDER

IT IS ORDERED that

1) defendant Idento Operations BV's motion to dismiss for lack of jurisdiction (dkt. #4) is DENIED; and

2) the clerk of court should schedule a conference with Magistrate Judge Crocker to promptly thereafter establish a scheduling order, including setting this case for jury trial.

Entered this 6th day of November, 2014.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge